Yale H. Metzger
Alaska Bar No. 9512082
Law Offices of Yale H. Metzger
101 East 9th Avenue, Suite 7A
Anchorage, Alaska 99501
Telephone (907) 258-4110
Facsimile (907) 277-1894

STATE OF ALASKA
THIRD DISTRICT

05 DEC -5 AM 9:01

CLERK, TRIAL COURTS

BY_____
DEPUTY CLERK

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA
THIRD JUDICIAL DISTRICT AT ANCHORAGE

IRENE KOCHUTIN, Individually, )
and as Parent and Next Friend )
of ALEXANDRA KOCHUTIN, )
　　　　　　　　　　　　　　　 )
　　　　　　　Plaintiffs, 　　　)
　　　　　　　　　　　　　　　 )
　　v.　　　　　　　　　　　　 )
　　　　　　　　　　　　　　　 )
DELORES ASKOAK, ALEUTIAN/ 　　)
PRIBILOF ISLAND ASSOCIATION, )
INC., and PRIBILOF SCHOOL 　　)
DISTRICT, 　　　　　　　　　　)
　　　　　　　　　　　　　　　 )   Case No. 3AN-05-13633 Civil
　　　　　　　Defendants. 　　 )
_____)

## COMPLAINT

**COMES NOW** the Plaintiff, IRENE KOCHUTIN, individually and as parent and next friend of ALEXANDRA KOCHUTIN, through her attorney, the Law Offices of Yale H. Metzger, and asserts the following as her Complaint:

### Jurisdiction

1. At all times relevant herein, the Plaintiff Irene Kochutin was a resident of St. Paul within the State of Alaska.

2. At all times relevant herein, the Defendant Delores Askoak was a resident of the State of Alaska.

3. At all times relevant herein, the Defendant Aleutian/Pribilof Island Association, Inc. was a business corporation with

its offices in Anchorage, within the Third Judicial District of the State of Alaska.

4. At all times relevant herein, the Defendant Pribilof School District was a school district organized under the laws of the State of Alaska and operated the St. Paul School in St. Paul, Alaska.

5. The Superior Court for the State of Alaska has jurisdiction over this matter pursuant to A.S. 22.10.020(a).

### General Allegations

6. On December 11, 2003, the Defendant Aleutian/ Pribilof Island Association, Inc. (hereinafter "APIA") operated the St. Paul Clinic which provided medical and counseling care and treatment to residence of St. Paul, Alaska.

7. On December 11, 2003, the Defendant Delores Askoak was employed by the Defendant APIA at the St. Paul Clinic.

8. On December 11, 2003, the Defendant Delores Askoak knew that Alexandra Kochutin had been sexually abused in the past.

9. Prior to December 11, 2003, Alexandra Kochutin had been undergoing counseling by John Contway, a social worker employed by the St. Paul Clinic, as a result of having been sexually abused.

10. On December 11, 2003, Alexandra Kochutin was 13 years old, was unmarried, was not pregnant and was residing with her mother in the community of St. Paul, Alaska.

11. The Defendant Pribilof School District operates the St. Paul School in St. Paul, Alaska.

12. On, or about December 11, 2003, Alexandra Kochutin was attending school as a student at the St. Paul School when she was instructed by school personnel to report to the St. Paul Clinic operated by the Defendant APIA.

13. Upon information and belief, no member of the staff at the St. Paul School knew the reason for Alexandra Kochutin being summoned to the St. Paul Clinic.

14. No member of the staff of the St. Paul School either contacted or obtained permission from any parent, guarding or other person responsible for the welfare or medical care of Alexandra Kochutin before sending Alexandra Kochutin to the St. Paul Clinic on or about December 11, 2003 at which time the staff of the St. Paul clinic performed a pregnancy test on Alexandra Kochutin.

15. Alexandra Kochutin reported to the St. Paul Clinic where she was met by the Defendant Delores Askoak.

16. The Defendant Delores Askoak told Alexandra Kochutin that Alexandra needed to provide a urine specimen.

17. Alexandra Kochutin then provided a urine specimen to the Defendant Delores Askoak.

18. The Defendant Delores Askoak used Alexandra Kochutin's urine specimen, without the consent of knowledge of Irene Kochutin or Alexandra Kochutin, to perform a test to determine whether or not Alexandra Kochutin was pregnant.

19. The test performed by Delores Askoak determined that Alexandra Kochutin was not pregnant.

20. The Defendant Delores Askoak then told Alexandra Kochutin that (a) she had tested the urine specimen to determined whether or not Alexandra Kochutin was pregnant; (b) Alexandra Kochutin was not pregnant; and (c) she had summoned Alexandra Kochutin to the clinic and performed this test because the Defendant Delores Askoak knew that Alexandra Kochutin had been out late at knight, that Alexandra Kochutin was sexually active, and that Alexandra Kochutin had recently gained weight.

21. No parent, guardian or other person authorized the staff of the St. Paul School to send Alexandra Kochutin to the St. Paul Clinic for a pregnancy test.

22. The foregoing conduct caused severe emotional distress to be suffered by Alexandra Kochutin, after which she went home crying and told her mother Irene Kochutin that everyone in the community of St. Paul thinks that Alexandra is sexually active.

23. The foregoing caused Irene Kochutin to suffer severe emotional distress.

24. The foregoing conduct diminished all therapeutic progress Alexandra Kochutin had made following being sexually abused and her emotional state regressed to the point at which it had been when she was sexually abused.

### COUNT I

(Intentional Infliction of Emotional Distress)

25. Paragraphs 1 through 24 are incorporated herein by reference.

26. The Defendants' conduct was extreme and outrageous.

27. The Defendants' conduct amounted to the intentional infliction of emotional distress.

28. The Defendants' intentional infliction of emotional distress caused serious injury to the Plaintiff.

29. The Defendants are liable to the Plaintiff for their intentional infliction of emotional distress.

## COUNT II
### (Negligent Infliction of Emotional Distress)

30. Paragraphs 1 through 29 are incorporated herein by reference.

31. The Defendants' conduct amounts to the negligent infliction of emotional distress.

32. The Defendants' negligent infliction of emotional distress caused serious injury to the Plaintiff.

33. The Defendants are liable to the Plaintiff for their negligent infliction of emotional distress.

## COUNT III
### (Negligent Counseling)

34. Paragraphs 1 through 33 are incorporated herein by reference.

35. The Defendants' conduct amounted to negligent counseling.

36. The Plaintiffs were harmed by the Defendants' negligent counseling.

37. The Defendants are liable to the Plaintiffs for their negligent counseling.

5

## COUNT IV
### (Negligence Per Se)

38. Paragraphs 1 through 37 are incorporated herein by reference.

39. The Defendants were required to protect the Plaintiff Alexandra Kochutin from sexual abuse by reporting suspected sexual abuse in accordance with the provisions of A.S. 47.17.010 et. seq.

40. Sexual relations by any person with Alexandra Kochutin on or about December 11, 2003 would have been unlawful and would have amounted to the sexual abuse of a minor in Alaska.

41. The Plaintiffs are within the class of persons intended to be protected by A.S. 47.17.010 et. seq.

42. The Defendants failed to make the report(s) required by A.S. 47.17.010 et. seq.

43. The Plaintiff was harmed by the Defendants' disregard for their reporting requirement as set forth above.

44. The Defendants are liable to the Plaintiffs for their negligence per se.

## COUNT V
### (Unlawful search)

45. Paragraphs 1 through 44 are incorporated herein by reference.

46. The Defendants' conduct amounted to an unlawful search of Alexandra Kochutin under the Constitution of the United States and the Constitution of the State of Alaska.

47. The Plaintiffs were harmed by the Defendants' unlawful search.

48. The Defendants are liable to the Plaintiffs for their unlawful search.

**PRAYER FOR RELIEF**

WHEREFORE, the Plaintiffs request that they be awarded the following damages:

1. Special damages for past and future medical and counseling services, and past and future lost income in an amount to be proven at trial.

2. General damages, including damages for emotional distress and loss of consortium between parents and their minor child, in an amount to be proven at trial.

3. Punitive damages in an amount to be proven at trial.

4. Prejudgment interest, post judgment interest, costs and attorney's fees incurred in bringing this action.

5. Any additional relief, including equitable relief, the Court deems appropriate under the circumstances.

DATED this 5TH day of December 2005 at Anchorage, Alaska.

Law Offices of Yale H. Metzger
Attorney for the Plaintiff

By: Yale H. Metzger
Alaska Bar No. 9512082